UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MAURICE BOSTON, | ) | |
| --- | --- | --- |
| | ) | No. 14 CV 8680 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| THOMAS DART and MARLENE FUENTES, | ) | |
| | ) | |
| | ) | August 4, 2015 |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Plaintiff Maurice Boston brings this suit *pro se* against Defendants Sheriff Thomas Dart and Marlene Fuentes, alleging that conditions he has been subjected to while detained at the Cook County Jail violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, the Rehabilitation Act ("Rehab Act"), 29 U.S.C. §§ 701, *et. seq.*, and his constitutional rights. (R. 20, Am. Compl. at 11.) The parties consented to this court's jurisdiction pursuant to 28 U.S.C § 636(c). (R. 29.) Before the court is Defendants' motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 25.) For the following reasons, the motion is granted in part and denied in part:

## Facts

In reviewing the Rule 12(b)(6) motion, this court accepts as true all well pleaded allegations of the complaint. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). On August 21, 2014, Boston was transferred to the Residential Treatment Unit ("RTU") at the Cook County Jail to be housed as a pre-

trial detainee. (R. 20, Am. Compl. at 7.) Boston describes the RTU as a "state of the art" facility built in 2012 "to accommodate people who are disabled and physically challenged." (Id.) Boston is a paraplegic who uses a wheelchair to perform daily tasks like dining, showering, and engaging in leisure activities. (Id.)

Boston alleges that while he was housed in the RTU, Defendants did not provide adequate access to shower stalls or dining tables, which are also used for leisure activities such as card playing. (Id. at 8-12.) Specifically, Boston claims that the dining tables' design prevented him from pulling his wheelchair up to the table, and as a result, he was unable to eat his meals at the table or participate in leisure activities. (Id. at 13, 17, 44.) As for the showers, Boston alleges that he was provided a portable chair to help him access the showers, but that the chair did not fit in the shower stall. (Id. at 11.) As a result, Boston had to sit on an unpadded concrete block in the shower, which he alleges caused him pain and injuries, including sores and scars. (Id. at 8, 11, 21.) Based on these facts, Boston claims that the conditions of his detention were more difficult and uncomfortable for him than they were for other pretrial detainees, made dining and showering a "major inconvenience," and violated his constitutional rights. (Id. at 8, 12, 42.) Defendants move to dismiss Boston's claims pursuant to Rule 12(b)(6), arguing that he fails to state a claim upon which relief can be granted under the ADA, the Rehab Act, or 42 U.S.C. § 1983. (R. 25, Mot. at 1.)

## Analysis

To survive a Rule 12(b)(6) motion, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff need not provide detailed allegations to fend off a motion to dismiss, the "allegations must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The plausibility standard asks for "more than a sheer possibility that a defendant has acted unlawfully," and demands more than a "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, complaints must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Where, as here, a plaintiff is proceeding *pro se*, this court must "liberally construe" the pleadings and hold them to less stringent standards than those drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendants raise three arguments in support of their motion to dismiss. First, they argue that Boston's ADA and Rehab Act claims against Defendant Fuentes fail because he has sued her only in her individual capacity. Second, Defendants argue that even when read in the light most favorable to Boston, his allegations are insufficient to state a claim for relief under the ADA or the Rehab Act. Finally, they argue that Boston's § 1983 claim fails because he is impermissibly attempting to bypass the statutory enforcement mechanisms set forth in the ADA and the Rehab Act to pursue a separate § 1983 claim based on the

same allegations underlying his other claims. The court is persuaded by Defendants' first argument, but not by the latter two.

A.   The ADA and Rehab Act Claims Against Fuentes

Defendants first assert that Boston's ADA and Rehab Act claims against Fuentes must be dismissed because, they argue, claims under these statutes cannot be brought against an individual. (R. 25, Mot. at 5-6.) Fuentes is the ADA Coordinator for the Sheriff of Cook County, and Boston has sued Fuentes in her individual capacity for violations of the ADA and Rehab Act. (R. 20, Am. Compl. at 10-12.) Title II of the ADA states that no disabled individual shall be "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Because Title II claims can only be brought against public entities, claims against employees in their individual capacity must fail. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 624, 644 (7th Cir. 2015); *see also Jaros v. Ill. Dep't. of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) ("employees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or ADA").

The Rehab Act is substantially similar to the ADA, except that it requires a demonstration that the public entity receives federal funding. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).[1] Accordingly, "courts construe and apply" the

---

[1] Although Boston has not alleged whether the Cook County Sheriff's Office receives federal funding, in one similar case the plaintiffs submitted evidence suggesting that it has since at least 2003. *See Phipps v. Sheriff of Cook County*, 681

4

ADA and the Rehab Act "in a consistent manner." *Radaszewski on behalf of Radaszewski v. Maram*, 383 F.3d 599, 607 (7th Cir. 2004). Like the ADA, the Rehab Act has been interpreted to preclude suits against officials in their individual capacities. *See, e.g., Stanek*, 783 F.3d at 644; *Garfield v. Cook County*, 08 CV 6657, 2009 WL 4015553, at *2 (N.D. Ill. Nov. 19, 2009). Because Fuentes cannot be held liable in her individual capacity for Boston's claims under the ADA and Rehab Act, and because Boston has brought these claims against her only in her individual capacity, his ADA and Rehab claims against Fuentes are dismissed with prejudice.

**B.     The Sufficiency of Boston's ADA and Rehab Act Allegations**

Defendants next argue that Boston's allegations relating to the shower stalls and dining tables are insufficient to state a claim against them under either the ADA or the Rehab Act. (R. 25, Mot. at 3.) Title II of the ADA protects detainees with qualified disabilities against discrimination by a public entity, and requires jails to reasonably accommodate their disabilities. *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998). To state a claim under the ADA and Rehab Act, Boston must allege: (1) that he is a qualified individual with a disability; and (2) that he was denied the benefit of services, programs, or activities at the prison facility because his disability was not reasonably accommodated. *See* 42 U.S.C § 12132; *Yeskey*, 524 U.S. at 209-10. Where detention facilities provide detainees with the benefit of recreational activities, medical services, and educational and

---

F. Supp. 2d 899, 913 (N.D. Ill. 2009). Because Defendants have not raised the issue of whether the Rehab Act applies here, the court will assume for purposes of the present motion that the Cook County Sheriff's Office receives federal funding. *See Bramlett v. Dart*, 14 CV 5939, 2015 WL 4148711, at *4 n.1 (N.D. Ill. July 9, 2015).

5

vocational programs, they must do so in a way that does not exclude the disabled members of the detainee population. *See Yeskey*, 524 U.S. at 210. The same is true with respect to detainees' access to meals and use of showers. *See Jaros*, 684 F.3d at 672 (meals and showers are a program or activity within the meaning of the ADA and Rehab Act); *Phipps*, 681 F. Supp. 2d at 916 (showers are regarded as programs and/or services under the ADA).

Although there is no dispute that Boston has sufficiently alleged that he is a qualified individual with a disability, the parties dispute whether he has sufficiently presented a plausible claim that the alleged denial of meals, some leisure activities, and shower amenities in the RTU amount to a violation of the ADA and Rehab Act. (R. 25, Mot. at 3.) Defendants argue that Boston has only claimed that he is inconvenienced by the shower and table accommodations, and argue that merely alleging an inconvenience or that the detainee did not receive the level of accommodation that he wished for does not amount to a denial of services, programs, or activities within the meaning of the statutes. Defendants rely in part on *Wagoner*, 778 F.3d at 593, where a paraplegic plaintiff alleged that the defendants failed to accommodate problems he experienced with his wheelchair, including failing to properly equip the prison van for wheelchairs. The *Wagoner* plaintiff identified one instance in which he was forced to crawl on a van's floor to exit the vehicle, but the court found that his allegation that he was inconvenienced with longer waits and humiliation when exiting the van were insufficient to establish that he was denied access to programs, services, or activities. *Id.* at 589,

6

593. The Seventh Circuit concluded that dismissal was appropriate in that case because the plaintiff failed to allege that he was "denied all access to some programs and activities, and his access to others was severely limited" as a result of the defendants' failure to accommodate his disabilities. *Id.* (quotation omitted); *see also Doyle v. Fairman*, 96 CV 2572, 1997 WL 610332, at *5 (N.D. Ill. Sept. 29, 1997) (detainee who used cane failed to state a claim under ADA or Rehab Act because alleged difficulty ascending or descending stairs was merely an inconvenience).

But at least one Seventh Circuit case addressing allegations similar to those Boston raises here held that where the plaintiff alleges that the refusal to accommodate his disability "kept him from accessing meals and showers on the same basis as other inmates," he has pleaded a plausible claim for relief. *See Jaros*, 684 F.3d at 672. In *Jaros*, the plaintiff alleged that he required a cane to walk, and had difficulty showering at the prison because the stalls lacked grab bars. *Id.* at 669. Because he feared falling he limited himself to four showers a month, and because he could not walk quickly to get to the cafeteria, he occasionally missed meals. In concluding that these allegations stated a valid claim for relief under the ADA and the Rehab Act, the Seventh Circuit reasoned that because the plaintiff missed showers and meals, he was excluded from programs, services, or activities. *Id.* That was sufficient to create a plausible claim for failure to accommodate under the Rehab Act. *Id.* at 672; *see also Bramlett*, 2015 WL 414871, at *3 (allegation that plaintiff kept from accessing showers on same basis as other detainees stated claim under ADA and Rehab Act); *McKinnie v. Dart*, 14 CV 9588, 2015 WL 1117297, at

7

*1, *5 (N.D. Ill. Mar. 10, 2015) (detainee who missed showers because he did not have access to a handicap accessible shower stall stated claim).

Boston appears to meet the strictures of Rule 12(b) as it applies to alleged violations of the ADA and the Rehab Act stemming from his limited access to the RTU showers. Boston alleges that showering was made more difficult for him than other detainees because of the presence of a protruding concrete block in the shower stalls for the disabled at the RTU. (R. 20, Am. Compl. at 11.) Defendants provided him with a chair which did not fit in the stalls for the disabled and was not useful in the other stalls, which lacked grab bars. (Id. at 11-12.) As a result, he was forced to sit on the concrete block in the stall, causing him pain and injuries. (Id. at 12.) The concrete shower block caused sores on his buttocks, and when wet, became slippery. (Id. at 41.) Boston also alleges that because of Defendants' failure to properly accommodate his disability, he sometimes missed showers altogether. (Id. at 46.) Because Boston has alleged that he did not access showers on the same basis as the other detainees in the RTU, he has pleaded a plausible claim for failure to accommodate. *See Jaros*, 684 F.3d at 672. Therefore, Boston's shower allegations state a claim for relief under the ADA and Rehab Acts.

Although Boston's meal and leisure activities claims present a closer call, construing his complaint liberally, the court concludes that he also has stated a claim with regard to his inability to access the dining tables where RTU detainees eat their meals. It is true, as Defendants point out, that the ADA and Rehab Act do not provide a remedy for inconvenience, *Wagoner*, 778 F.3d at 593, but a refusal to

8

accommodate a disability resulting in a detainee accessing meals on a different basis than other detainees states a plausible claim for relief under the ADA and the Rehab Act, *see Jaros*, 684 F.3d at 672. Boston alleges that his wheelchair did not fit under the RTU's dining tables, which all detainees used for meals and leisure activities, such as playing cards. (See R. 20, Am. Compl. at 11, 13.) Thus, he alleges that he was kept from accessing the tables on the same basis as the other detainees, and he was forced to eat his meals in his sleeping area on a daily basis. (Id. at 44.) Although Boston has not alleged that his lack of access to the table caused him to completely miss meals or leisure activities, reading Boston's claims in the light most favorable to him, he has sufficiently alleged that he accessed meals and leisure activities on a different basis than other detainees. That is sufficient to state a claim for relief under the ADA and Rehab Act. *See Jaros*, 684 F.3d at 672; *Johnson v. Godinez*, 13 CV 2045, 2015 WL 135103, at *5 (N.D. Ill. Jan. 9, 2015) (disabled inmate's allegations that accommodations at times prevented him from going to meals stated ADA and Rehab Act claims).

## C. Boston's Section 1983 Claim

The only argument Defendants have raised in support of their motion to dismiss Boston's § 1983 claim is that he cannot pursue relief under § 1983 for the same allegations that provide the basis for his ADA and Rehab Act claims.[2] (R. 25, Mot. at 6-8.) Specifically, they argue that the ADA and Rehab Act include

---

[2] Defendants have not argued that Boston's allegations are insufficient to support a constitutional violation under the standard defined by *Twombly,* 550 U.S. at 555, or *Iqbal*, 556 U.S. at 678.

9

comprehensive enforcement mechanisms which Boston cannot bypass by seeking to enforce the statutes under § 1983. "Section 1983 provides a remedy for the deprivation of any rights, privileges, or immunities created by the Constitution and federal statutes." *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 105 (1989) (internal quotation omitted). When a statute includes its own comprehensive enforcement scheme, "that scheme may not be bypassed by pleading an underlying violation of the statute and bringing suit directly under § 1983." *Alexander v. Chi. Park Dist.*, 773 F.2d 850, 856 (7th Cir. 1985). Here, Defendants cite a string of cases outside the prisoner litigation context to argue that Boston's ADA and Rehab Act claims bar him from also proceeding under § 1983, but the cited cases involved situations where the plaintiffs attempted to enforce statutory rights, rather than constitutional rights, under § 1983 as well as the ADA or Rehab Act. (R. 25, Mot. at 8 (citing, *e.g., Jones v. Regional Transp. Auth.*, 11 CV 04924, 2012 WL 2905797, at *6 (N.D. Ill. Jul. 16, 2012) (concluding that the plaintiff was precluded from relying on § 1983 as a means to remedy an alleged ADA violation where no constitutional violation alleged); *Silk v. City of Chicago*, 95 CV 0143, 1996 WL 312074, at *19 (N.D. Ill. Jun. 7, 1996) ("this court concludes that the comprehensive enforcement schemes adopted by Congress in the ADA and the [Rehab Act] preclude [the plaintiff] from seeking to enforce a violation of either statute through 42 U.S.C. section 1983"); *Holmes v. City of Chicago*, 94 CV 4083, 1995 WL 270231, at *5 (N.D. Ill. May 5, 1995) (Congress did not "intend to permit § 1983 claims based upon alleged injuries remediable under" the Rehab Act and

ADA).) As one of these cases put it, "a plaintiff may not maintain a section 1983 action in lieu of—or in addition to—a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA." *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997).

Defendants' argument overlooks the many cases from this circuit allowing constitutional § 1983 claims to proceed alongside the ADA and Rehab Act claims, even where the underlying allegations are similar. *See, e.g., Strominger v. Brock*, 592 Fed. App'x 508, 511 (7th Cir. 2014); *Miller v. Dart*, 14 CV 6270, 2015 WL 1651940, at *1 (N.D. Ill. Apr. 10, 2015); *Hildreth v. Cook County*, 08 CV 3506, 2010 WL 1656810, at *3-4 (N.D. Ill. Apr. 23, 2010). For example, in *Miller*, the plaintiff's § 1983 claim was allowed to proceed because he sought redress for the defendants' alleged deliberate indifference to his need for an ADA and Rehab Act-mandated accommodation. 2015 WL 1651940, at *1-*2. Similarly, in *Hildreth*, the plaintiff's § 1983 claims were allowed to proceed where in addition to his ADA claims the plaintiff alleged that the defendants acted with "deliberate indifference" to deprive him of his constitutional rights. 2010 WL 1656810, at *3-*4. As one recent decision points out, "[n]umerous courts of this district have found that a disabled pretrial detainee states an official capacity claim against the Sheriff and the County under the Fourteenth Amendment's 'denial of medical care framework' by stating that they 'failed to act when they learned that correctional officers were not providing

reasonable housing accommodations to disabled detainees.'" *Bramlett*, 2015 WL 4148711, at *2 (quoting *McKinnie*, 2015 WL 1117297, at *2-*3).

Here, when liberally construed, Boston's complaint can be read as bringing a § 1983 claim based on what he alleges is a constitutional violation that is separate and distinct from the alleged statutory violations. Boston's ADA and Rehab Act claims allege discrimination based on lack of access, but he also alleges that Defendants were deliberately indifferent to either his medical needs or to what he alleges to have been constitutionally unacceptable conditions of his detention. (R. 20, Am. Compl. at 12.) For example, Boston alleges that Defendants were deliberately indifferent to his needs because they did not provide him with a useful accommodation so that he may access the shower stalls for the disabled after he complained. (Id.) Further, Boston alleges that Defendants intentionally and wantonly inflicted pain, injuries, and suffering by failing to provide him with protective padding or a cushion for the concrete shower block. (Id. at 14.) Lastly, Boston alleges that Defendants were aware that a nurse noticed the scars and sores on his buttocks caused by the concrete shower stump, but they nonetheless neglected to provide him with adequate accommodations. (Id. at 21.) As a result, Boston asserts that his constitutional rights have been violated and seeks redress under § 1983.[3]

---

[3] Boston asserts that his Eighth Amendment rights have been violated, but because he is a pretrial detainee, his rights are instead governed by the Fourteenth Amendment. *Miller*, 2015 WL 1651940, at *3 n.1. To the extent that the Eighth and Fourteenth Amendments implicate different standards, those differences are not relevant to the determination of the current motion.

Based on a liberal reading of his complaint, Boston's § 1983 claim rests on his allegations of a constitutional deprivation that is separate and apart from his attempt to seek accommodations under the ADA and Rehab Acts. Accordingly, Defendants failed to show that Boston is attempting to bypass the enforcement mechanisms set out in the ADA and Rehab Act in pursuing his § 1983 claim.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss Boston's amended complaint is granted in part and denied in part. Boston's ADA and Rehab Act claims against Fuentes are dismissed with prejudice.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**